**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 13** |
| | : | |
| JUDY L. HERR, | : | **BANKRUPTCY NO. 17-15272** |
| | : | |
| **Debtor.** | THOMAS    : | |
| | : | |

# ORDER

**AND NOW,** upon consideration of the Motion of JUDY L. HERR, (the "Debtor"), for Authority to: (1) Sell Residential Real Property Located at 265 West Walnut Street, Marietta PA 117547 (the "Property") Free and Clear of all Liens, Claims and Encumbrances Pursuant to 11 U.S.C. § 363 and (2) Compensate Real Estate Brokers (the "Motion"), and after notice to creditors and parties in interest; it is hereby

**ORDERED,** that the Motion is **GRANTED**; it is further

**ORDERED,** that pursuant to 11 U.S.C. § 363(b) and by the issuance of this Order, the Debtor is authorized, empowered and directed to execute and deliver the necessary documents to transfer and sell the Property to JXZ Realty, LLC, (the "Purchaser") for the purchase price of $96,500.00[1] pursuant to the terms and conditions of the Agreement of Sale (the "Agreement of Sale") attached to the Motion as Exhibit "A" (if there is any inconsistency between the Agreement of Sale and this Order, this Order shall control); it is further

**ORDERED,** that the Debtor be and hereby is permitted to sell the Property to the Purchasers, free and clear of any and all liens, claims, security interests, mortgages, pledges,

---

[1] In accordance with the Agreement of Sale, the Purchasers have paid a deposit in the amount of $5,000.00 which shall be credited at the time of closing on account of the purchase price.

charges, indentures, loan agreements, options, rights of first refusal, offsets, recoupments, rights of recovery, judgments, orders and decrees of any court or governmental entity, interest, successor, products, tax and other liabilities and claims against the Debtor or his property, of any kind or nature, whether secured or unsecured, choate, or inchoate, filed or unfiled, scheduled or unscheduled, notice or unnoticed, recorded or unrecorded, contingent or noncontingent, liquidated or unliquidated, matured or unmatured, known or unknown (collectively, the "Liens and Claims") except for the First Mortgage held by NYMT LOAN TRUST 1 and the Municipal Lien In favor of Marietta Borough, which shall be paid, in full, at time of closing on the Property; it is further **ORDERED,** that the Liens and Claims shall attach to the proceeds of sale described herein, to the extent and with the priorities provided under applicable non-bankruptcy law, as such laws may be modified by the Bankruptcy Code; it is further

**ORDERED,** that the transfer of the Property to the Purchasers constitutes a legal, valid and effective transfer of the Property and shall vest the Purchasers with all right, title and interest of the Debtor in and to the Property, free and clear of all Liens and Claims; it is further

**ORDERED,** that the Purchase Price provided by the Purchasers for the Property is fair and reasonable. The Purchase Price was negotiated, proposed and entered into without collusion, in good faith and from an arm's length bargaining position "within the meaning of § 363(f) of the Bankruptcy Code and *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 142 (3rd Cir. 1986)"; it is further

**ORDERED,** at closing on the Property, the Debtor is authorized to distribute the proceeds from the sale of the Property as follows:

      (a)     First, the amount needed to satisfy and pay, in full, any and all municipal liens due the applicable governmental authorities;

      (b)     Second, a full and complete payoff amount, subject to a proper payoff figure at the time of closing, to Fay Servicing, LLC, as servicer for Wilmington Savings Fund Society d/b/a/ Christiana Trust, not individually, but solely as Trustee for NYMT Loan Trust I, holder of the First Mortgage. Failure to pay the full amount will result in the First Mortgage not being divested at the time of sale:;

      ( c)     Third, the sum of $2,895.00 to Caldwell Banker Residential Brokerage and the sum of $2,895.50 to Cavalry Realty for Brokers' Commissions;

      ( d)     Fourth, to Debtor for her 11 U.S.C. Section 522(d)(1) Exemption; and

      ( e)     The balance, if any, to Debtor's Trustee.

**BY THE COURT:**

_____
HONORABLE ASHELY M. CHAN,
U.S. BANKRUPTCY JUDGE

**Date: November 4, 2020**